**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VERNON L. EALY, JR.,** | : | **No. 3:26-CV-1253** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **FRANKLIN COUNTY,** | : | |
| **PENNSYLVANIA, *et al.*,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Plaintiff Vernon L. Ealy, Jr., is a serial *pro se* litigant who is well known to this court. He initiated the above-captioned action—his *eighth* civil rights case in this district—under 42 U.S.C. § 1983,[1] alleging deliberate indifference to serious medical needs. The court will dismiss Ealy's *pro se* lawsuit pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Ealy's complaint is abbreviated and undeveloped. He alleges he has preexisting health issues that include a hernia and "severe flat feet, making climbing difficult and dangerous." (Doc. 1 at 1). Ealy recounts that, despite

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

these documented medical conditions, he was assigned to a top bunk. (Id.) He further avers that he "exhausted all internal protests and informed staff of the risk of injury." (Id.) Ealy alleges that on May 4, 2024, he fell from the top bunk, resulting in loss of consciousness and emergency transport to an outside hospital. (Id.) Following the incident, he was reassigned to a bottom bunk. (Id.)

Ealy contends that his initial assignment to the top bunk constitutes deliberate indifference to serious medical needs. (Id.) He sues Franklin County, Pennsylvania; Warden Franzoni; PrimeCare, Inc. (PrimeCare); and John Does 1-5. (Id.) Although Ealy does not expressly plead that he was incarcerated at Franklin County Jail during the underlying events alleged, this information can be inferred from the parties he is suing as well as his previous litigation. See, e.g., Ealy v. Schell, No. 3:24-cv-0126, Doc. 21 ¶ 33 (M.D. Pa. July 29, 2024) (Munley, J.) (alleging that he was transferred to Franklin County Jail in late 2023). Ealy is no longer incarcerated, (see Doc. 1 at 2), and is proceeding *in forma pauperis*, (see Doc. 4).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Thus,

courts apply the same standard of review to Section 1915(e)(2)(B)(ii) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted). At

step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. Id. (quoting Iqbal, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. (quoting Iqbal, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

Because Ealy proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

## III. DISCUSSION

Ealy alleges that either his Eighth or Fourteenth Amendment right to adequate medical care was violated when he was assigned to a top bunk while incarcerated. (See Doc. 1 at 1). He does not specify whether he was a pretrial detainee or a convicted and sentenced prisoner at the time of the incident. Regardless of the constitutional amendment he is invoking, his complaint fails to

state a claim upon which relief may be granted. The court will discuss Ealy's numerous pleading deficiencies in turn.

### A. Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); see also Ashcroft v. Iqbal, 556. U.S. 662, 676 (2009) (affirming same principle in Bivens context). Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020). Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with particularity. Id. (quoting Rode, 845 F.2d at 1207). Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability. See id. (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); Lewis v. Wetzel, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); Alexander v. Gennarini, 144 F. App'x

924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

Ealy's first and predominant pleading deficiency is his failure to plausibly allege any named Defendant's personal involvement in the purported constitutional violation. Although he sues Warden Franzoni and five "John Doe" defendants, he does not allege any involvement by these actors in the purportedly deficient medical care. Dismissal of the Section 1983 claims against these Defendants for failure to state a claim is therefore required.

### B. "Person" for Section 1983

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Rehberg v. Paulk, 566 U.S. 356, 361 (2012) (citing Imbler v. Pachtman, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)). Only "persons" are subject to suit under Section 1983, and entities such as prisons, agencies, and private businesses do not qualify as "persons." See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64-65, 71 (1989); Slagle v. County of Clarion, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that

district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); Stankowski v. Farley, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare Medical is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); see also Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983); Ali v. Ann Klein Forensic Center, No. 21-CV-316, 2022 WL 138084, at *3 (D.N.J. Jan. 14, 2022) (finding that state hospital "is not a 'person' within the meaning of § 1983").

Ealy attempts to sue PrimeCare, which he identifies as a corporation. Yet this business entity is clearly not a "person," so Ealy has failed to assert a viable Section 1983 claim against it. Moreover, Ealy does not allege an unconstitutional policy or custom by PrimeCare such that a Section 1983 action could be maintained against Franklin County through suit against PrimeCare. See, e.g., Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). Accordingly, dismissal of the Section 1983 claim against PrimeCare is required.

### C. Claim Against Franklin County

To assert a Section 1983 claim against a county or other local governing unit, a plaintiff must identify a policy or custom fairly attributable to the governing

body that caused him constitutional injury. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 690-91 (1978). He must also plausibly plead facts showing that a defendant is a decisionmaker endowed with authority to promulgate or establish an official custom or policy. See id. at 690; Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986) (explaining that a decision to adopt a particular course of action made by the "government's authorized decisionmakers" represents an act of official government policy (emphasis added)); McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009) (noting that plaintiff failed to "allege conduct by a municipal decisionmaker" in his attempt to assert municipal Section 1983 liability).

Ealy has not identified an unconstitutional policy promulgated by Franklin County or any county official, nor has he plausibly alleged that any Defendant would have decision-making authority to establish a custom or policy for this local governmental unit. Consequently, any Section 1983 claim against Franklin County will be dismissed pursuant to Section 1915(e)(2)(B)(ii) as well.

**D. Deliberate Indifference to Serious Medical Needs**

The gravamen of Ealy's complaint is deliberate indifference to serious medical needs. As noted above, it is unclear whether Ealy was a pretrial detainee or a convicted and sentenced prisoner at the time of the incident. Nevertheless, it does not appear that the United States Court of Appeals for the

Third Circuit has established or adhered to a different standard with respect to Fourteenth Amendment pretrial detainee medical care claims versus those raised by incarcerated individuals under the Eighth Amendment. See Thomas v. City of Harrisburg, 88 F.4th 275, 281 & n.23 (3d Cir. 2023) (applying Eighth Amendment standard to pretrial detainee's medical care claim); see also Parker v. Butler County, 832 F. App'x 777, 780 & n.1 (3d Cir. 2020) (nonprecedential) (applying Eighth Amendment standard to pretrial detainee medical care claim while acknowledging Fourteenth Amendment is source of right); Miller v. Steele-Smith, 713 F. App'x 74, 76 n.1, 78 (3d Cir. 2017) (nonprecedential) (same); Goode v. Giorla, 643 F. App'x 127, 129 & n.3 (3d Cir. 2016) (nonprecedential) (same); Edwards v. Northampton County, 663 F. App'x 132, 136-37 (3d Cir. 2016) (nonprecedential) (citing Natale v. Camden Cnty Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003)). Accordingly, the court will apply existing Eighth Amendment jurisprudence to Ealy's medical indifference claims.

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment" to incarcerated individuals. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly allege that "(1) he had a serious medical need, (2) the defendants were deliberately indifferent to that need; and (3) the deliberate

indifference caused harm to the plaintiff." Durham v. Kelley, 82 F.4th 217, 229 (3d Cir. 2023) (citation omitted); see also Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987)

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, and denial of reasonable requests for treatment resulting in unnecessary suffering or risk of injury. See Durmer v. O'Carroll, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting Lanzaro, 834 F.2d at 346). Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation omitted). Claims sounding in mere medical negligence will not suffice. Rouse, 182 F.3d at 197.

Ealy's medical indifference claims are deficient for the simple reason that, because he has failed to allege personal involvement by any Defendant, he likewise has failed to allege that any Defendant acted with deliberate indifference to his serious medical needs. Ealy's barebones complaint does not allege that

any Defendant had knowledge of his preexisting medical conditions or recklessly disregarded them. Nor has he plausibly alleged that any Defendant's deliberate indifference caused his May 4, 2024 fall from the top bunk. Without any allegations of deliberate indifference or causation, the medical indifference claims must be dismissed pursuant to Section 1915(e)(2)(B)(ii).

### E. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." Grayson, 293 F.3d at 114. The court will grant Ealy leave to amend.

If Ealy chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth his claim(s) in short, concise, and plain statements, and in sequentially numbered paragraphs. Ealy must address the pleading deficiencies identified in this Memorandum. Most notably, Ealy must clearly set forth the personal involvement of any defendant (identified or unidentified) in the alleged constitutional violation. That is, he must plausibly plead the unconstitutional action (or inaction) of each defendant he is attempting to sue, and he must appropriately delineate between unidentified defendants.

Ealy must also sign the amended complaint and indicate the nature of the relief sought. He may not include unrelated claims against different defendants in violation of Federal Rule of Civil Procedure 20(a)(2).

If Ealy files an amended complaint that disregards the foregoing guidance, that filing will be stricken from the record. If Ealy does not timely file an appropriate amended pleading, dismissal of his complaint will automatically convert to dismissal with prejudice and the court will close this case.

## IV. CONCLUSION

Based on the foregoing, the court will dismiss Ealy's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Leave to amend will be granted. An appropriate Order follows.

**Date:** 8/21/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**